# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Matthew Terry (hereinafter "Terry"), and AG of Durham, Inc. d/b/a Mellow Mushroom of Durham, AG of Wake Forest, Inc. d/b/a Mellow Mushroom of Wake Forest, AG of Raleigh, Inc. d/b/a Mellow Mushroom of Raleigh, Casey A. Fox, Kent L. Hodges, and Karen B. Halsey (hereinafter collectively "Defendants"). Terry and Defendants are together referred to as the "Parties" and each of them may be referred to herein as a "Party."

**WHEREAS**, Terry filed a Class/Collective Action Complaint on January 31, 2013, against AG of Durham, Inc. d/b/a Mellow Mushroom of Durham, AG of Wake Forest, Inc. d/b/a Mellow Mushroom of Wake Forest, AG of Raleigh, Inc. d/b/a Mellow Mushroom of Raleigh, and Casey A. Fox in the Superior Court of Durham County, North Carolina, Civil Action No. 13 CVS 1817, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25.1 *et seq.* ("NCWHA"), on behalf of himself and all other allegedly similarly situated individuals and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure;

**WHEREAS**, AG of Durham, Inc. d/b/a Mellow Mushroom of Durham, AG of Wake Forest, Inc. d/b/a Mellow Mushroom of Wake Forest, AG of Raleigh, Inc. d/b/a Mellow Mushroom of Raleigh, and Casey A. Fox timely removed the Lawsuit on March 11, 2013, to the United States District Court for the Middle District of North Carolina, Civil Action No. 1:13-cv-00198-TDS-LPA;

**WHEREAS**, Terry filed a First Amended Collective Action Complaint in the Lawsuit on May 2, 2013, against AG of Durham, Inc. d/b/a Mellow Mushroom of Durham, AG of Wake

Forest, Inc. d/b/a Mellow Mushroom of Wake Forest, AG of Raleigh, Inc. d/b/a Mellow Mushroom of Raleigh, Casey A. Fox, Kent L. Hodges, and Karen B. Halsey, alleging violations of the FLSA, on behalf of himself and all other allegedly similarly situated individuals and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b);

**WHEREAS**, Terry's initial Class/Collective Action Complaint and First Amended Collective Action Complaint currently pending in the United States District Court for the Middle District of North Carolina, Civil Action No. 1:13-cv-00198-TDS-LPA, are referred to herein as the "Lawsuit";

**WHEREAS**, Defendants deny: (i) the allegations in the Lawsuit, (ii) liability for violations of the FLSA, (iii) liability for violations of the NCWHA or any other law, and (iv) that damages are owed to Terry;

**WHEREAS**, Terry and Defendants desire to avoid further expense, time, effort and uncertainty in regard to the Lawsuit; and

**WHEREAS**, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Terry and his counsel believe the Agreement is in Terry's best interest and represents a fair, reasonable, and adequate resolution of the Lawsuit.

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as full and complete settlement of the Lawsuit:

2

1. **Consideration from Defendants.**

In exchange for the promises made by Terry in this Agreement and in full and complete discharge and satisfaction of any and all claims as set out more specifically in paragraph 2 herein, Defendants agree to the following:

 A. SETTLEMENT PAYMENTS.

 (1) Defendants will pay Terry the total gross amount of Ten Thousand and 00/100 Dollars ($10,000.00) (the "Settlement Sum") to be paid as follows:

 a. Defendants shall make a payment to Terry in the amount of Five Thousand and 00/100 Dollars ($5,000.00), less all required local, state and federal tax withholdings and deductions, in settlement and compromise of any and all claims for unpaid wages under the Fair Labor Standards Act and/or the North Carolina Wage and Hour Act. Defendants acknowledge and agree that they shall be solely responsible for their portion of any employer taxes arising from or resulting from this payment.

 b. The Company shall make an additional payment to Terry in the amount of Five Thousand and 00/100 Dollars ($5,000.00) in settlement and compromise of his claim for liquidated damages and penalties under the Fair Labor Standards Act and/or the North Carolina Wage and Hour Act.

The Settlement Sum payment will be made in checks payable to "Matthew Terry."

 (2) Defendants shall pay Terry's counsel the sum of Fifteen Thousand and 00/100 Dollars ($15,000.00) (the "Attorneys' Fee Payment") for Terry's attorneys' fees and costs in the Lawsuit including court filing fees and costs of retained experts and consultants. The Attorneys' Fee Payment shall be made by delivery to Terry's attorney, Gerald D. Wells, III, in a check payable to "Faruqi & Faruqi, LLP." This payment shall constitute Defendants full payment of all attorneys' fees and expenses and as required by this Agreement.

(3) AG of Durham, Inc. d/b/a Mellow Mushroom of Durham will issue an IRS W-2 form and IRS 1099 form to Terry in connection with the Settlement Sum checks and IRS 1099 forms to Faruqi & Faruqi, LLP in connection with the Attorneys' Fee Payment.

(4) Terry agrees that the payments to be made by Defendants under this Agreement constitute full compensation for all hours and overtime hours that he worked for Defendants, plus any liquidated damages, attorneys' fees, or other costs or damages to which he may claim to be entitled under Fair Labor Standards Act and/or the North Carolina Wage and Hour Act, including any claim for compensation that he made or could have made in the Lawsuit, including claims for any payments due and owing under the "tip credit" provision of the FLSA. Terry acknowledges that he has been paid in full for all work performed by Defendants, and that Defendants owe him no additional money or compensation of any kind relating to the payment of work performed. None of the payments described in this Agreement shall be subject to matching contributions or included as benefits eligible earnings under any benefit plan or policy applicable to Terry.

B. TIME FOR PAYMENTS.

The payments required in paragraph A herein shall be made within a reasonable time not to exceed ten (10) days following the entry of the Court's Order approving this settlement.

2. **Release.**

Terry, for himself, his heirs, representatives, successors and assigns, does hereby irrevocably and unconditionally release, acquit and forever discharge Defendants, Defendants' past, present and future parent companies, subsidiaries, affiliates, related companies and partnerships, as well as each of their officers, directors, employees, agents, attorneys, representatives, successors, assigns and insurers (hereinafter collectively "the Released Parties"), from any and all claims, causes of actions, demands, debts, obligations, damages or liability

4

regarding allegedly unpaid wages or compensation of any kind, liquidated damages, attorneys' fees, costs, expenses, interest, and any other monetary claims related to the payment of wages and compensation, including those claims, causes of action, demands, debts, obligations, damages or liability arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* or the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.* as alleged in the initial Class/Collective Action Complaint filed on January 31, 2013, or the First Amended Collective Action Complaint filed on May 2, 2013, in the Lawsuit.

Similarly, the Released Parties do hereby irrevocably and unconditionally release, acquit and forever discharge Terry, from any and all claims, causes of actions, demands, debts, obligations, damages or liability related to the Lawsuit and any counterclaims that could have been raised in the Lawsuit.

3. **Terry's Representations.**

(a) Terry represents and warrants that he has not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to anyone else. Terry agrees to indemnify and hold Defendants harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

(b) Terry represents that no claim, charge, complaint or action exists in any forum or form brought by Terry or on his behalf against any of the Released Parties, other than the Lawsuit. In the event that any such claim, charge, complaint or action is or has been filed as of the date of this Agreement against any of the Released Parties, Terry agrees to waive and hereby

5

waives any and all rights to any monetary relief or monetary recovery therefrom, except as prohibited by law. Should Terry receive any such relief or recovery notwithstanding this Agreement, he will return it to Defendants immediately. By signing this Agreement, Terry expressly acknowledges and agrees that he is unaware of any other claims he may have against Defendants and that this Agreement is intended to resolve any claims that were or could have been asserted in the Lawsuit.

4. **No Reemployment.**

By signing this Agreement, Terry represents and agrees that his employment was on an at-will basis, that his employment with AG of Durham, Inc. d/b/a/ Mellow Mushroom of Durham terminated effective April 2012. Terry agrees that any denial of future employment by any of the Released Parties is in keeping with the intent of this Agreement and shall not be a legitimate basis for a cause of action by Terry. If Terry seeks employment with any of the Released Parties and is hired, it is hereby acknowledged that such party would have a legitimate and valid reason to discharge him as part of the consideration received by Defendants in connection with this Agreement.

5. **Confidentiality.**

(a) Terry represents that prior to his execution of this Agreement he held it as strictly confidential and did not disclose the terms, fact of, or amounts paid pursuant to this Agreement to anyone other than his spouse, if any, his attorneys, and his financial advisors or tax preparers.

(b) Terry agrees that he will not hereafter disclose the terms, fact of, or amounts paid by Defendants pursuant to this Agreement to anyone other than his spouse, if any, his attorneys, and his financial advisors or tax preparers, all of whom, together with their employees and agents, if any, will be informed of and bound by this confidentiality provision.

(c) Notwithstanding the foregoing, it shall not be a breach of this paragraph to disclose those portions of this Agreement as may be strictly and absolutely necessary: (i) in connection with the preparation of a party's income tax returns or financial records; (ii) in order to satisfy the requirements of the law; (iii) in order to comply with the lawful orders or processes of the courts; or (iv) in order to enforce or comply with this Agreement. If Terry receives a subpoena that may require disclosure of this Agreement, he shall, within twenty-four (24) hours of receipt of such notice, provide a copy of such subpoena to counsel for Defendants, Kevin S. Joyner, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4208 Six Forks Road, Suite 1100, Raleigh, North Carolina 27609, phone (919) 787-9700. Terry also agrees not to testify or provide any information in any context if Defendants have informed him of their intent to contest the validity or enforceability of any request, subpoena or court order until such time as Defendants have informed him in writing that it consents to his testimony or has fully exhausted its efforts to challenge any request, subpoena or court order requiring his testimony. In any lawsuit concerning a breach of this confidentiality agreement, the losing party shall pay the prevailing party's costs and reasonable attorneys' fees. Notwithstanding the foregoing, nothing in this Paragraph shall prevent Terry from disclosing the terms of this Agreement as may be required by the Court in the Litigation. The Parties acknowledge and agree that Terry's obligations under this Paragraph arise as of the date of his execution of the Agreement and not before.

(d) Given that the filing and existence of this lawsuit is public knowledge, it shall not be a breach of this Agreement for Terry, in response to an inquiry about the status of the lawsuit, to say that "It has been resolved."

7

(e) The agreement of confidentiality is an essential part of this Agreement. Terry understands that any disclosure by him in violation of any provision contained in this confidentiality paragraph would cause Defendants injury and damage. Terry agrees that the extent and amount of this injury and damage is difficult or impossible to ascertain and cannot be calculated to any reasonable degree of certainty. Therefore, should Terry breach the terms of any portion of this paragraph 5, Terry agrees that Defendants shall have the right to recover from Terry any and all sums paid pursuant to Paragraph 1 of this agreement, as well as any equitable relief to which Defendants may be entitled. The Parties agree that the liquidated damages specified in this paragraph are reasonable to compensate Defendants for the injury and damages arising from a breach by Terry of any portion of this paragraph. Payment of said liquidated damages by Terry shall not entitle Terry to renew any claim he may have against of the Released Parties which is waived or released by this Agreement.

6. **Non-Disparagement.**

Terry agrees to refrain from making any oral or written statement about any of the Released Parties, or their products or services, that is adverse to their business interests or reputation in the marketplace; provided, however that this provision shall not interfere with Terry's ability to communicate (a) regarding the Released Parties with his family, attorneys, and financial and tax advisors; and, (b) with public agencies in the course of an investigation of an administrative charge of employment discrimination or providing information required by a lawful subpoena, a court order or where otherwise mandated by law.

Casey A. Fox ("Fox"), Kent L. Hodges ("Hodges"), and Karen B. Halsey ("Halsey") agree to refrain from making any oral or written statement about Terry that is adverse to Terry's employment, business interests, or reputation. Fox, Hodges, and Halsey agree to instruct all managers at AG of Durham, Inc. d/b/a Mellow Mushroom of Durham to refer any future

8

potential employer of Terry who contacts them for a reference to Fox, Hodges, or Halsey who may provide the dates of employment and positions held by Terry. Terry agrees to direct any inquries regarding his employment with AG of Durham, Inc. d/b/a Mellow Mushroom of Durham to Fox, Hodges, or Halsey.

**7.     Court Approval and Dismissal of Lawsuit.**

The Parties agree that this Agreement is contingent on the Court's approval of this Agreement and dismissal of the Lawsuit with prejudice. If the Court does not approve this Agreement and dismiss the Lawsuit with prejudice, this Agreement will not be effective, and Defendants will have no obligations under it. The Parties will submit to the Court a joint motion seeking approval of the Parties' settlement under this Agreement. The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement and dismissal of the Lawsuit with prejudice.

**8.     Expenses of Litigation.**

Terry represents and warrants that he will be responsible for satisfaction of his own attorney's fees, expenses, and costs, and understands and agrees that the aforesaid payments shall be deemed to include any and all attorney's fees, expenses, and costs in connection with the Lawsuit and any and all related representation of Terry. Defendants likewise will bear their own costs and attorney's fees.

**9.     Nonadmissions Agreement.**

(a)     It is understood and agreed that this Agreement is a settlement of disputed claims and that neither the terms nor the fact of the Agreement constitutes an admission of liability or wrongdoing on the part of the Released Parties. The Agreement is not and shall not be construed as an admission by the Released Parties of any acts of liability or fault whatsoever against Terry, or that the Released Parties violated any federal, state or local law, rule, regulation or ordinance

9

or that the actions of the Released Parties were unwarranted, unjustified, retaliatory, discriminatory, or otherwise unlawful or that any of the Released Parties breached any of their policies or procedures. The Released Parties specifically deny and disclaim any liability to Terry and any other person.

(b) In the Lawsuit, Terry asserts that during his employment with Defendants that Defendants improperly utilized the "tip credit" and Terry worked "off-the-clock" in certain work weeks. After consultation with his counsel, and in consideration of all the facts and circumstances surrounding his employment with Defendant, Terry agrees to compromise his claim for unpaid wages and other relief in exchange for payment of the Settlement Sum. Terry stipulates and agrees that the terms of this Agreement represent a reasonable compromise of a *bona fide* dispute regarding his entitlement to statutory overtime and other relief. Terry further agrees that Defendants may present the terms of this Agreement to a court of competent jurisdiction to the extent necessary to obtain judicial approval of the Agreement.

10. **Authority to Execute.**

Each party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Agreement.

11. **Representations Regarding Terry's Medicare and Social Security Disability Eligibility, Claims, and Expenses.**

Terry affirms, covenants, and warrants he is not a Medicare beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for, and has not applied for or sought Social Security Disability or Medicare benefits. The remaining sentences in this Paragraph shall not apply if the preceding sentence is correct at the time of the execution of this agreement. In the event any statement in the first sentence in this Paragraph is incorrect (for example, but not

limited to, if Terry is a Medicare beneficiary, etc.), the following sentences (i.e., the remaining sentences of this paragraph) apply. Terry affirms, covenants, and warrants he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, the Released Parties under which the Released Parties could be liable for medical expenses incurred by Terry before or after the execution of this Agreement. Furthermore, Terry is aware of no medical expenses which Medicare has paid and for which the Released Parties are or could be liable now or in the future. Terry agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Terry will indemnify, defend, and hold the Released Parties harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Terry further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq*.

12. **Governing Law.**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of North Carolina and any applicable federal law(s).

13. **Binding Authority and Benefit.**

This Agreement shall be binding upon and shall be for the benefit of the Parties, as well as their respective heirs, representatives, successors and assigns.

14. **Fair Meaning.**

In the event of a dispute hereunder, this Agreement shall be interpreted in accordance with its fair meaning and shall not be interpreted either for or against either of the parties hereto on the ground that such party drafted or caused to be drafted this Agreement or any part hereto. Each party acknowledges its participation in the preparation of this Agreement.

### 15. Severability.

Should any provision of this Agreement, other than the general release of claims language set forth in Paragraph 2, be declared illegal, invalid or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release of claims language set forth in Paragraph 2 is found by a court of competent jurisdiction to be unenforceable, the parties agree that they will jointly rewrite the Agreement to cure the defect, and the Parties shall execute the rewritten agreement without either side's entitlement to any additional monies, benefits and/or compensation.

### 16. Merger.

This Agreement contains the entire agreement of the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous agreements, whether written or oral. Any amendment of this Agreement must be in writing and signed by all parties hereto. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any party.

### 17. Waiver.

The failure by either party to enforce at any time any of the provisions of this Agreement or to require at any time performance by the other party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

### 18. Agreement in Counterparts.

This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument. In addition, the Parties agree that this Agreement may be executed via facsimile or PDF, and that such signatures have the same force and effect as an original signature. A fully

executed copy of this Agreement may be used with the same force and effect as the original of this Agreement. This Agreement shall not be binding upon either party until executed by the duly authorized representatives of both parties.

19. **Acknowledgment.**

Other than as stated herein, the parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the parties or their representatives. This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of any of the Parties. The Parties acknowledge that: (a) they have read this Agreement; (b) they understand the terms and consequences of this Agreement and the release it contains; and (c) they are fully aware of the legal and binding effect of this Agreement. Terry acknowledges that he was given a reasonable amount of time to review and consider this Agreement prior to executing it and that he was advised to consult and did consult with his attorney prior to executing this Agreement.

The Parties stipulate and agree that they shall use their best efforts to keep this Agreement Confidential, except as required to obtain Court approval pursuant to Paragraph 7 and as required to enforce any provision of this Agreement.

13

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date(s) stated below.

**SIGNATURES:**

**MATTHEW TERRY:**

By: _____  Date: 9/24/13
 Matthew Terry

Sworn to and subscribed before me
this 24th day of September, 2013.

_____  Nolan Smock
Notary Public

>  Nolan Smock
>  NOTARY PUBLIC
>  Durham County, North Carolina
>  My Commission Expires 8-01-2018

My Commission Expires: 8/1/18

**DEFENDANTS:**

AG of Durham, Inc. d/b/a
Mellow Mushroom of Durham

_____(SEAL)
BY: _*[signature]*_
ITS: President
DATED: 9/26/13, 2013


AG of Wake Forest, Inc. d/b/a
Mellow Mushroom of Wake Forest

_____(SEAL)
BY: _*[signature]*_
ITS: President
DATED: 9/26/13, 2013


AG of Raleigh, Inc. d/b/a
Mellow Mushroom of Durham

_____(SEAL)
BY: _*[signature]*_
ITS: President
DATED: 9/26/13, 2013


By: _*[signature]*_ Date: 9/26/13
Casey Fox

By: _*[signature]*_ Date: 9/26/13
Kent Hodges

By: _*[signature]*_ Date: 9/26/13
Karen Halsey

15865213.1